O’Gorman, J.
The action was for wrongful conversion by the defendant of a small steam yacht belonging to the plaintiff, and of which the defendant had been, during the summer of 1884, engineer and care-taker, in the employment of the plaintiff.
*28 Prior to September 11, 1884, the boat was laid up for the winter by the defendant, under the direction of the plaintiff, and the plaintiff testified that thereupon all employment by him of the defendant, and all the authority of the defendant over the boat came to an end.
The defendant afterwards removed the boat from the place where it had been laid up by him to another place, from which it drifted, went ashore, and became a total wreck.
The_ defendant testified that he was employed by the plaintiff to look after the boat during the whole winter, and in the exercise of the general license and powers thus conferred on him, he continued in charge of the boat, and in the exercise of his best judgment, removed the boat from where she had been first placed by him, and that her loss was the result of an accident, and not of any negligence or wrong-doing for which he was to blame.
The cardinal issue in the case, however, was, whether the defendant had been thus employed to look after the boat during the winter; and on this issue the evidence was conflicting.
_ The learned trial judge charged the jury, that the plaintiff, in order to recover, should establish the wrongful taking of the boat, and for that purpose it was enough to establish a taking by defendant without authority, or the color of an authority.
To this instruction the learned counsel for the plaintiff excepted on the ground that it was sufficient for the plaintiff to prove that he owned the boat, and that defendant took it away, and that the onus of proving license in the defendant rested on him.
This exception is not well taken.
The action is for a wrongful taking of the boat about January 15, 1885.
That the defendant had a right to the possession of the boat by the consent and direction of the plaintiff up to the latter part of December, 1884, is testified to by plaintiff himself, and it is not denied by defendant that he did subsequently remove the boat from where it was then placed, but he testified that his authority as care-taker did not ctease when she was first laid up by him, but continued, during all the winter.
The only question then was whether this license or general authority as care-taker of the boat continued in defendant.
That such authority did not continue, was the gist of the action, and the foundation of the plaintiff’s claim, and unless that discontinuance was proved, the plaintiff could not recover. The plaintiff did, in his own testimony at the trial, give evidence that the defendant’s authority over the *29 boat did not continue, but ceased by his full discharge in the latter part of December. In this he was contradicted by the defendant, and by witnesses examined on his behalf, and the question was left by the jury to decide on all the evidence. The affirmative of that issue was clearly with the plaintiff, and the trial on his part was conducted under that theory.
I am of the opinion that there was no error in the charge excepted to, and even if there were, it would not have affected the jury to the injury of the plaintiff, for the learned judge said to the jury that he meant by the words, “preponderance of evidence, only a preponderance of such facts and circumstances as carries conviction to your minds.” Thus he merely instructed them to find according to the weight of evidence, and on the side, whichever it was, on which that weight predominated.
The judgment appealed from is affirmed, with costs.
Sedgwick, Oh. J., concurs.